UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert L. Nance, #SK4861, | ) | C/A No. 6:09-545-CMC-WMC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION FOR DISMISSAL OF DEFENDANTS** |
| Barbara R. Morgan; Henry D. McMaster; Jon Ozmint; William Nettles; and Teresa Norris, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The plaintiff, Robert L. Nance ("Plaintiff"), proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), within the "death row" section. The complaint names as defendants the prosecutor and two defense attorneys involved in Plaintiff's state criminal proceedings, as well as the State Attorney General and the Director of SCDC. Plaintiff claims his conviction and sentence of death have been overturned, yet he has remained on "death row" for more than three years. Plaintiff seeks monetary damages, as well as his "immediate release from prison," or transfer to "a county jail immediatedly [sic] and given a bail or bond." Compl. at 5. The complaint names several defendants that should be dismissed as parties to this action.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than documents drafted by attorneys. *Erickson v. Pardus*, _ U.S. _, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Background**

Plaintiff was convicted in state court of multiple charges, including murder. He was sentenced to death on the murder charge and various terms of incarceration on the other charges. His convictions and sentences were affirmed on direct appeal. *State v. Nance*, 466 S.E.2d 349, 320 S.C. 501 (1996). Plaintiff filed a state action for post-conviction relief (PCR), which was denied. On appeal of the PCR action, the S.C. Supreme Court reversed Plaintiff's convictions and sentences and remanded the case for a new trial. *Nance v.*

*Frederick*, 596 S.E.2d 62, 358 S.C. 480 (2004). The United States Supreme Court vacated the S.C. Supreme Court's decision and remanded the case for further review. *Ozmint v. Nance*, 543 U.S. 1043 (2005). After further review as instructed, the S. C. Supreme Court again reversed the PCR court's denial of relief. *Nance v. Ozmint*, 626 S.E.2d 878, 367 S.C. 547 (2006).

Plaintiff filed this civil rights action in March 2009, seeking both monetary and habeas relief. In an Order issued March 20, 2009, Plaintiff was informed that his request for immediate release from custody cannot be obtained as relief under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994) ("Release from prison is not a remedy available under 42 U.S.C. § 1983."). Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Clerk of Court was directed to send Plaintiff specific forms used to file for habeas relief. The complaint is now ready for service of process, but several Defendants are not subject to suit in this case.

## Discussion

The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

3

United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants Norris and Nettles are attorneys that represented Plaintiff in his state court appeals from denial of his post-conviction relief action. *See Nance v. Ozmint*, 626 S.E.2d 878, 367 S.C. 547 (2006). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Plaintiff's allegations do not establish Defendants Norris and Nettles acted under color of state law, thus Plaintiff cannot maintain a § 1983 action against them. Defendants Norris and Nettles should be dismissed as parties to this civil rights action.

Defendant McMaster, South Carolina Attorney General, and Defendant Morgan, Solicitor for the Second Judicial Circuit, are prosecuting attorneys involved in Plaintiff's state criminal and post-conviction court actions. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The prosecutorial immunity established in *Imbler* extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992)(recognizing

"substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); and *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976)(challenges to conviction protected by the immunity doctrine). The complaint makes no allegations that Defendants McMaster and Morgan took any action outside the scope of their duties as prosecutors. Defendants McMaster and Morgan have immunity from suit in this § 1983 action and should be dismissed as parties to this action.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss Defendants Norris, Nettles, McMaster and Morgan as parties to this action without service of process.[2]

s/William M. Catoe
United States Magistrate Judge

April 22, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

---

[2] Service of process has been directed for the remaining Defendant Ozmint in an Order issued contemporaneously with this report and recommendation.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).